LINKS: 1, 4

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01641 GAF (CMx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Silvia Cantillano et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**     (In Chambers)

**ORDER REMANDING CASE**

**I.
INTRODUCTION & BACKGROUND**

On January 28, 2011, Plaintiff Federal Home Loan Mortgage Corporation ("FHLM") filed an unlawful detainer complaint against Defendants Silvia Cantillano and Elva Lopez in Los Angeles County Superior Court. (Docket No. 1 [Not. of Removal], Ex. 1 [Compl.].) The Complaint alleges that Plaintiff purchased Defendants' real property in Los Angeles by virtue of a lawful foreclosure sale on January 12, 2011, and that Defendants have continued to possess the premises despite Plaintiff's multiple demands to pay rent or quit the premises. (Id. ¶¶ 11–14, Exs. A–C.) Defendants Alicia Suarez and Javier Calderon joined Cantillano and Lopez in removing the action on February 27, 2012; Defendants allege federal jurisdiction pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1443 (civil rights removal). (Docket No. 1 [Not. of Removal] ¶¶ 12–19.) However, Defendants have failed to establish that the Court has subject matter jurisdiction over this action. Accordingly, the Court **REMANDS** this case.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01641 GAF (CMx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Silvia Cantillano et al | | |

12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

**1. REMOVAL JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441**

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action of which federal district courts have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over suits, inter alia, between citizens of different states if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant." Osborn v. Metropolitan Life Ins. Co., 341 F. Supp. 2d 1123, 1126 (E.D. Cal. 2004).

**2. REMOVAL JURISDICTION UNDER 28 U.S.C. § 1443**

Section 1443 provides for removal of any case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). This provision is most frequently relied upon in criminal cases in which a defendant can establish that he cannot receive a fair trial in state court. To remove a case under § 1443(1), a criminal defendant must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (internal quotation marks omitted). "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (same). This prong "requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case," or that there be some "equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Id. (internal quotations, citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01641 GAF (CMx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Silvia Cantillano et al | | |

"Except in the unusual case . . . it [is] to be expected that the protection of federal constitutional or statutory rights c[an] be effected in the pending state proceedings, civil or criminal."  Id.

**B.  APPLICATION**

   **1.  DIVERSITY JURISDICTION**

   Defendants' allegations of diversity jurisdiction under 28 U.S.C. § 1332(a) are fatally flawed.  Defendants make only the conclusory allegation that the parties are from different states, but do not affirmatively allege the citizenship of any Party.  (See Not. of Removal ¶ 13.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Even if this defect could be cured, however, Defendants cannot establish that at least $75,000 is in controversy in this action.  The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole.  Bally Total Fitness Corp. v. Contra Costa Retail Center, 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008).  In the instant action, Plaintiff seeks $30.00 in rent for each day that Defendants remain on the premises from January 25, 2011. (Compl. at 4.)  Thus, as of the date of removal, the amount in controversy was $11,940.00 in unpaid rent.  Accordingly, Defendants' allegations of diversity jurisdiction fail.

   **2.  CIVIL RIGHTS REMOVAL**

   In their lengthy Notice of Removal, Defendants contend that the Court has removal jurisdiction under 28 U.S.C. § 1443 because (1) Defendants were "prevented from raising issues of constructive fraud violating their civil rights, equal protection under the law and due process rights" and (2) the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981 and 1982.  (Not. of Removal ¶¶ 24, 31.)

   Defendants appear to argue that both Plaintiff and the Los Angeles County Superior Court prevented them from presenting evidence showing Plaintiff's fraud solely on the basis of their race.  (Id. ¶¶ 1, 3–4, 41.)  Specifically, Defendants argue that FHLM never purchased their property and filed a false trustee's deed upon sale with the County recorder's office, but that (1) Defendants were intentionally deprived of their Constitutional right to proper notice of the proceedings against them because all court notices and documents are written exclusively in English instead of Spanish, Defendants' native tongue; and (2) the Los Angeles County courts continue to discriminate against Hispanics by allowing plaintiffs to bring unlawful detainer actions without providing proof of ownership or proof of compliance with California laws, while

LINKS: 1, 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01641 GAF (CMx) | Date | April 9, 2012 |
|---|---|---|---|
| Title | Federal Home Loan Mortgage Corporation v. Silvia Cantillano et al | | |

simultaneously preventing Hispanic defendants from presenting contrary evidence during the proceedings. (Id. ¶¶ 4, 12, 14, 19, 22, 27–33, 35–37, 41, 46, 53, 57–60, 64, 69–71.)

Reading Defendants' Notice liberally, their vague allegations that they were denied adequate notice of the proceedings and that they were prevented from producing evidence of Plaintiff's fraud in the state court unlawful detainer proceeding, solely because they are Hispanic, alleges a denial of their Constitutional rights to due process and equal protection, and of their rights under 42 U.S.C. §§ 1981 (equal rights to make and enforce contracts, regardless of race) and 1982 (equal rights to own property, regardless of race). However, their allegations fail on the second Johnson prong. Defendants do not identify any California state law or California constitutional provision that denies them the opportunity to raise their civil rights in the California courts. Instead, Defendants argue only that these rights were denied in their case and that unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings. Neither do Defendants' vague allegations of inadequate notice and racial bias give rise to "an equally firm prediction" that theirs presents the "unusual case" in which federal rights will be denied or left unprotected in state court. Accordingly, there is no basis for removal under 28 U.S.C. § 1443(1).

## III.
## CONCLUSION

Based on the foregoing, Defendants have not established that federal subject matter jurisdiction exists in this case. Plaintiff's motion to remand is **GRANTED**, and the Court **REMANDS** this action to Los Angeles County Superior Court. The hearing scheduled for April 30, 2012 is **VACATED**.

**IT IS SO ORDERED.**